WALDEN, Judge.
The defendant/appellant, L.J. Clark Construction Company, planned to develop a townhouse complex on certain property. Although the construction company did not own the property it set up its headquarters there. The plaintiff/appellee, Hardrives Company, Inc., was in the business of mining and selling fill for construction sites. Hardrives entered into a contract with the construction company whereby Hardrives was to deliver fill to the construction site even though the construction company only anticipated that it might need fill at some future date if the property was developed. Because the construction company had no immediate use for the fill the contract provided that the construction company would not have to pay for the fill until it was actually “used.” A considerable time later the construction company abandoned the concept of building the townhouse complex and vacated the work site without ever spreading the fill. At a later date some unknown third party spread the fill on the land.
Hardrives brought suit against the construction company to recover the price of the fill. The construction company responded that it was not required to pay for the fill because it had not “used” it; rather, some unknown third party had used it. *964 The trial court ruled in favor of Hardrives and required the construction company to pay for the fill. We reverse.
The contract requires that the construction company use the fill before an obligation to pay for it arises. There is no basis in the record for concluding that the construction company “used” the fill. The record merely indicates that some unknown third party spread the fill upon the land long after the construction company had abandoned the idea of building the townhouse complex and had departed from the work site. The record reflects that Har-drives was aware that the construction company had left the work site. Thé construction company was not obligated, under the contract, to notify Hardrives if it decided not to use the fill. Further, there was no benefit conferred upon the construction company by the spreading of the fill since the construction company did not own the land. Since the record does not support the conclusion that the construction company “used” the fill there is no basis for holding it accountable under the contract.
REVERSED AND REMANDED for further proceedings consistent herewith.
ANSTEAD, J., concurs specially with opinion.
LETTS, J., dissents with opinion.